1  Tristan G. Pelayes, Esq., CA Bar No. 206696
2  Risa S. Christenson, Esq., CA Bar No. 227799
   Amanda J. Parker, Esq., CA Bar No. 293049
3  WAGNER & PELAYES, LLP
4  1325 Spruce Street, Suite 200
   Riverside, CA 92507
5  Telephone:  (951) 686-4800
6  Fax:         (951) 686-4801
7
   Attorneys for Mirko Hoffman
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11  MIRKO HOFFMAN                    ) CASE NO.: CV 15-03724 FMO (ASx)
12                                   )
13       Plaintiff(s),              ) **DISCOVERY MATTER**
                                     )
14       vs.                        ) **JOINT STIPULATION (LR 37 – 1)**
                                     ) **PLAINTIFF MIRKO HOFFMAN'S**
15  COUNTY OF LOS ANGELES; LOS      ) **NOTICE OF MOTION AND**
16  ANGELES COUNTY SHERIFF'S        ) **MOTION TO COMPEL**
    DEPARTMENT; DEPUTY RIVERA       ) **DOCUMENTS REQUESTED IN**
17  (Employee Number 551902);       ) **DISCOVERY**
18  SERGEANT THOMAS (Employee       )
    Number 487844); SERGEANT AVOLA  ) **Action Filed:**     May 18, 2015
19  (Employee Number 297056) and DOES) **Discover Cutoff:**  January 19, 2016
20  1 to 10, inclusive,             ) **Motion Cutoff :**   May 4, 2016
                                     ) **Trial Date:**       August 2, 2016
21       Defendant(s).              )
22                                   )
23                                   ) DATE:        January 14, 2016
                                     ) TIME:        10:00 a.m.
24                                   ) Crtrm:       540
25                                   )
26                                   ) *Magistrate Judge Alka Sagar*
27  _____ )
28

COMES NOW, Plaintiff Mirko Hoffman, by and through counsel, and respectfully requests, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and L.R. 37, this Court to order production of documents sought by Plaintiff.

Pursuant to Local Rule 37-2.1, Plaintiff Mirko Hoffman, and Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Deputy Rivera, Sergeant Thomas and Sergeant Avola, by and through their respective counsels, submit this joint stipulation for Plaintiff's motion.  This motion will be based on this stipulation and attached declaration and any subsequent supplemental pleadings or evidence or oral argument as allowed by the court.  The hearing on this matter shall be at 10:00 a.m. on January 14, 2016, before the Magistrate Judge Alka Sagar in Courtroom 540, United States District Court, 255 East Temple Street, 5th Floor, Los Angeles, California 90012.

This Motion follows the Local Rule 37-1 efforts by counsel for the parties to resolve this issue, which has been ongoing since October 2, 2015, to the present.

Dated: November 25, 2015

WAGNER & PELAYES, LLP

Tristan G. Pelayes, Esq.
Risa S. Christensen, Esq.
Amanda J. Parker, Esq.
WAGNER & PELAYES, LLP
Attorneys for Mirko Hoffman

NOTICE OF MOTION – RULE 37 JOINT STIPULATION

1  Tristan G. Pelayes, Esq., CA Bar No. 206696
2  Risa S. Christenson, Esq., CA Bar No. 227799
   Amanda J. Parker, Esq., CA Bar No. 293049
3  WAGNER & PELAYES, LLP
4  1325 Spruce Street, Suite 200
   Riverside, CA 92507
5  Telephone:  (951) 686-4800
6  Fax:          (951) 686-4801
7  Attorneys for Mirko Hoffman
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
   MIRKO HOFFMAN                      ) CASE NO.: CV 15-03724 FMO (ASx)
12                                    )
13        Plaintiff(s),               ) **DISCOVERY MATTER**
                                      )
14   vs.                             ) **JOINT STIPULATION (LR 37 – 1)**
                                      ) **PLAINTIFF MIRKO HOFFMAN'S**
15 COUNTY OF LOS ANGELES; LOS         ) **NOTICE OF MOTION AND**
16 ANGELES COUNTY SHERIFF'S           ) **MOTION TO COMPEL**
   DEPARTMENT; DEPUTY RIVERA          ) **DOCUMENTS REQUESTED IN**
17 (Employee Number 551902);          ) **DISCOVERY**
18 SERGEANT THOMAS (Employee          )
   Number 487844); SERGEANT AVOLA     )
19 (Employee Number 297056) and DOES  ) *Magistrate Judge Alka Sagar*
20 1 to 10, inclusive,                )
21        Defendant(s).               )
22                                    )
23                                    )
24                                    )
25                                    )
26
27
28

NOTICE OF MOTION – RULE 37 JOINT STIPULATION

1
2
3

## Table of Contents

4    I.     INTRODUCTION ........................................................................ 1
5           A.    Plaintiff Mirko Hoffman's Preliminary Statement ............................... 1
6           B.    Defendant's Introductory Statement ..................................................... 3
7                 1.    Facts of Traffic Stop, Arrest and Detention................................ 3
8                 2.    Plaintiff's Request for Production of Documents and the
9                       Responses by Defendant County of Los Angeles..................... 5
10   II.    MEET AND CONFER ............................................................................ 6
11          A.    Plaintiff's Meet and Confer and Attempts to Resolve the Issues ........ 6
12          B.    Defendant's Statement Meet and Confer ............................................. 8
13   III.   DISCOVERY AT ISSUE ........................................................................ 10
14          A.    Plaintiff's Opening Statement ............................................................. 10
15          B.    Defendant's Opening Statement........................................................... 11
16          C.    Specific Requests In Dispute................................................................ 11

17
18
19
20
21
22
23
24
25
26
27
28

i

# Table of Authorities

**Cases**

*Cooley v. City of Vallejo*

   2013 U.S. Dist. LEXIS 155175 (E.D. Cal 2013.) .............................. 10, 12, 22, 23

*Gorham v. Solis*

   2014 U.S. Dist. LEXIS 155440 (N. D. Cal. 2014).............................................. 23

*Hampton v. City of San Diego*

   147 F.R.D. 227, 230 – 31 (S. D. Cal. 1993)...................................................... 23

*Johnson v. Sandy*

   2014 U.S. Dist. LEXIS 129810 (E. D. Cal 2014) ........................................ 22, 23

*Kelly v. City of San Jose*

   114 F.R.D. 653, 662 (1987) .............................................................................. 24

*Medina v. County of San Diego*

   2014 U.S. Dist. LEXIS 135672 (S. D. Cal 2014)......................................... 22, 23

*Steven Forster v. County of Los Angeles, et. al*

   CV14-07231 ODW (JEMx).................................................................................. 9

**Statutes**

42 U. S. C.§1983 ....................................................................................................... 1

Penal Code section 25400 (h)(1).................................................... 2, 4, 11, 12, 13

Penal Code section 25610 (a) (1)............................................................................. 2

**Rules**

Fed. R. Civ. P. 26(b)(1)........................................................................................... 10

Local Rule 37-2.1 ...................................................................................................... 1

1

**JOINT STIPULATION**

2  Pursuant to Local Rule 37-2.1, Plaintiff Mirko Hoffman submits this joint

3  stipulation regarding plaintiff's Motion to Compel Defendant County of Los

4  Angeles to produce documents requested in discovery. Plaintiff asserts that he's

5  made every effort to resolve this dispute without the need for court intervention,

6  but the defendant has been uncooperative and failed to provide appropriate

7  responses and the requested documents and tangible things the plaintiff has asked

8  for in discovery and has failed to provide any assurances as to when documents

9  would be produced or whether documents would be produced.

10

**I.**

11

**INTRODUCTION**

12  **A.    Plaintiff Mirko Hoffman's Preliminary Statement**

13  Hoffman brought this action under 42 U. S. C.§1983 for damages for

14  injuries he suffered as a result of the unlawful arrest and detention committed on

15  him by defendant Los Angeles County Sheriff's Department, Deputy Sheriff

16  Rivera, and sergeants Thomas and Avola. There is no dispute that the arrest was

17  unlawful and the defendant County of Los Angeles' actions were unreasonable

18  with respect to Mr. Hoffman. What is hotly disputed, are the damages suffered by

19  Mr. Hoffman.

20  On September 17, 2014 at approximately 12:30 in the afternoon Mr.

21  Hoffman was driving in the city of Los Angeles when he was pulled over by

22  Deputy Rivera for allegedly having expired registration. During the contact

23  between Deputy Rivera and Mr. Hoffman Deputy Rivera without cause or legal

24  justification open the driver side door of Mr. Hoffman's vehicle and allegedly saw

25  pistol magazine with bullets located in the side pocket door. Deputy Rivera asked

26  Mr. Hoffman to step out of his vehicle and asked if he had any weapons on him.

27  Mr. Hoffman informed Deputy Rivera he had no weapons on him other than an

28  unloaded pistol in the trunk of his vehicle.

1

1   Deputy Rivera then searched Mr. Hoffman's entire vehicle and located the
2   unloaded pistol wrapped inside a sleeping bag Mr. Hoffman's trunk. Mr. Hoffman
3   told Deputy Rivera the gun belonged to him though it was registered to his ex-wife
4   and he provided Deputy Rivera with his ex-wife's telephone number to confirm
5   this. Deputy Rivera called Mr. Hoffman ex-wife who then confirmed that the gun
6   belonged to Mr. Hoffman what was registered in her name.

7   Deputy Rivera arrested Mr. Hoffman for Penal Code section 25400 (h)(1),
8   possession of a concealed firearm, despite the fact that Mr. Hoffman's possession
9   of the gun was legal and was legally stored in the trunk of his vehicle pursuant to
10  Penal Code section 25610 (a) (1).

11  Mr. Hoffman was taken to jail where he remained for nearly 3 days before
12  being released. No charges were filed by the district attorney against Mr. Hoffman.

13  Mr. Hoffman propounded discovery, seeking documents from the Los
14  Angeles County Sheriff's Department which are relevant to his claims. This
15  discovery request was served on the defendant on July 28, 2015. Prior to the date
16  the responses were due, defendant asked for an extension to the due date and
17  extension was granted by the plaintiff. The defendant finally served responses on
18  September 17, 2015, which were received on September 25, 2015. Defendant's
19  responses were comprised entirely of boilerplate objections, and statements that
20  non-privileged documents would be produced without any date as to when such
21  documents would be produced or whether such documents exist. There was no
22  privilege log attached, and as to objections made pursuant to an official
23  information privilege the required declaration of the person is testing to the need
24  for to invoke the official information privilege is not included.

25  Plaintiff is seeking relevant records pertaining to the individual defendants
26  for example training records, citizens' complaints of unlawful arrest, and
27  allegations of dishonesty false or untruthful reports, disciplinary actions, and the
28  plaintiff smoking jacket from defendants' jail, as well as relevant policies of the

2

1 defendant. Plaintiff is not asking for anything unusual or anything that is not
2 relevant to his claims. Defendant has not provided any reasonable explanation for
3 why these documents and tangible things have not yet been produced.

4     In addition, defendant Rivera served his responses to requests for admission,
5 Set One without a verification. Plaintiff's Counsel has repeatedly requested the
6 verification for these responses and has received no response or the verification
7 from Defense Counsel.

8     Plaintiff requests this Court Order defendant to produce all of the requested
9 documents and tangible things within five days of the Court's Order and deem all
10 privileges waived.

11     **B.**    **Defendant's Introductory Statement**
12         **1.**    <u>**Facts of Traffic Stop, Arrest and Detention**</u>

13     At approximately 12:30 p.m. on September 17, 2014, Los Angeles County
14 Sheriff's Department Deputy Ruben Rivera was on routine patrol in a marked unit
15 on Broadway St. near Caesar Chavez Ave. in downtown Los Angeles as part of his
16 assignment with the Transit Services Bureau of the Los Angeles County Sheriff's
17 Department.  Deputy Rivera noticed a 1997 Gold Nissan Altima driving ahead of
18 him and decided to run an inquiry of that vehicle's license plate.  The inquiry
19 showed that the vehicle's registration had expired on September 2, 2013 – more
20 than a year before the current date.

21     Deputy Rivera conducted a vehicle stop in order to cite the driver.  Deputy
22 Rivera stopped the Nissan, exited his vehicle and approached the Nissan and made
23 contact with the driver, Plaintiff Mirko Hoffman, as he stood at the Nissan's driver
24 side window.  While speaking to Mr. Hoffman, Deputy Rivera noticed an
25 ammunition magazine in plain view on the passenger's seat of the Nissan.  Deputy
26 Rivera decided to detain Mr. Hoffman for a Firearms investigation.

27     Deputy Rivera ordered Mr. Hoffman out of the vehicle, conducted a pat
28 down search and asked if he had any weapons on his person.  Mr. Hoffman stated

3

that he had no weapons on his person but did have a gun in the trunk of his vehicle. Deputy Rivera then had Mr. Hoffman sit in the rear of the patrol car while he searched the trunk of the Nissan.  Deputy Rivera located an unloaded .45 caliber handgun which was wrapped in a sleeping bag in the trunk of the Nissan.

After finding the gun, Deputy Rivera conducted a records search and determined the gun was owned by Mrs. Anna Shakhgeloyan.  Mr. Hoffman waived his right to counsel and explained that Mrs. Shakhgeloyan was his ex-wife and he provided Deputy Rivera with a contact number for her.  Deputy Rivera took the extraordinary step to call Mrs. Shakhgeloyan from the field to determine more information about the gun.  Mrs. Shakhgeloyan confirmed that she was the owner of the gun but had given it to Mr. Hoffman.

Mr. Hoffman explained to Deputy Rivera that he was downtown on a legal matter and told Deputy Rivera that he was headed to court.  When Deputy Rivera asked why he was going to court with a gun, Mr. Hoffman did not offer a satisfactory explanation.  Deputy Rivera determined that due to the easy access to the trunk through the fold down rear seats of the Nissan that Mr. Hoffman was in violation of Penal Code Section 25400(a)(1), possession of a concealed weapon. Mr. Hoffman was placed under arrest and his vehicle was towed from the scene. Prior to leaving the scene, Deputy Rivera allowed Mr. Hoffman to contact his lawyer to tell him that he was being arrested and was unable to make his court appearance.

Mr. Hoffman was transported to the Inmate Reception Center ("IRC") and booked into custody at 1:43 p.m. on $10,000 bail.  Deputy Rivera prepared a Notice to Appear for Mr. Hoffman for the weapons charge.  Mr. Hoffman was processed and made no complaints of any injury.  Mr. Hoffman remained at the IRC until September 18, 2011 at 11:40 p.m. (approximately 34 hours) when he was moved to the Men's Central Jail.  Mr. Hoffman was at the Men's Central Jail for

1    another five hours until he was released from custody on September 19, 2014 at

2    4:46 a.m. for a total period of incarceration of 39 hours.

3        Booking records reveal at the time of his release, Mr. Hoffman had $5.00 on

4    his person and his cell phone.  Mr. Hoffman received the Notice to Appear when

5    he was released from custody and when he went to court on December 29, 2014,

6    he learned that the District Attorney decided not to file criminal charges.

7        **2.    <u>Plaintiff's Request for Production of Documents and the</u>**

8        **<u>Responses by Defendant County of Los Angeles</u>**

9        The Request for Production of Documents served by Plaintiff Mirko

10   Hoffman ("Plaintiff") upon Defendant County of Los Angeles consisted of 25

11   Requests.

12       In its Responses, Defendant County stated that it would produce "all non-

13   privileged responsive documents in its possession, custody or control" as to 10 of

14   the Requests (Nos. 2, 6, 7, 8, 18, 19, 20, 21 and 24) and ended up producing

15   documents responsive to another Request to which it had initially objected (No.

16   23).

17       As discussed herein, the Requests to which Defendant County did not

18   respond by agreeing to produce documents generally fell into two categories: (1)

19   overbroad as to scope and unduly burdensome in the amount of production of

20   documents it would require; and (2) the disciplinary files, personnel files and

21   internal affairs investigative matters relative to Deputy Rivera, Sergeant Thomas or

22   Sergeant Avola.

23       Significantly, Plaintiff omits informing this Court that Defendant County did

24   produce all of the responsive documents in its possession to Plaintiff.  Where no

25   documents were produced, such as jail videos as in response to Nos. 7 and 8, no

26   such documents exist.

27

28

## II.

## MEET AND CONFER

**A.    Plaintiff's Meet and Confer and Attempts to Resolve the Issues**

Plaintiff received defendant's responses to discovery on September 25, 2015 and sent an initial meet and confer letter on October 2, 2015. (Decl. Christensen, ¶2, and Exhibit "2.")  This initial meet and confer letter was six pages in length and set forth all the law and argument as to why defendants boilerplate and other objections were not meritorious and would not be sustained by the court.

In addition plaintiff's counsel provided a proposed protective order to protect the confidentiality of the personnel records and other documents to which the defendants claimed were personal and confidential.

By Monday, October 19, 2015, Defense Counsel had not responded to the October 2, 2015, meet and confer letter. Plaintiff's counsel followed up with an email again asking for the requested documents, and represented a desire to work things out with having without having to file a rule 37 stipulation. (Decl. Christensen, ¶3, and Exhibit "3.")

On October 22, 2015 Defense Counsel emailed plaintiff's counsel to advise he would telephone for a meet and confer later that day. Either later that day or the following day defense counsel called plaintiff's counsel to respond to the meet and confer letter. Defense Counsel represented the primary issue in not providing any responsive documents is that it takes a very long time received responses from the Sheriff's Department. Plaintiff's counsel asked defense counsel if he would agree to address each and every issue presented in the meet and confer letter in writing so the plaintiff's counsel could review defendants position on each of issues set forth in plaintiff's meet and confer letter. Defense Counsel agreed and represented that he would have the letter within the next day or two to plaintiff's counsel.

Following week, October 28, 2015 plaintiff's counsel emailed defense counsel because defense counsel still had not presented a responsive mean confer

letter. (Decl. Christensen, ¶4, and Exhibit "4.")Plaintiff's counsel advised the plaintiff intended to follow rule 37 stipulation by the end of the week reminding defense counsel that the discovery was initially served on July 28, 2015 and now it was October 28, 2015 three months later and defendant still had not produced a single document or reasonable explanation as to why three months later defendant hadn't produced anything.

On Tuesday, November 3, 2015, defense counsel emailed plaintiff's counsel and represented he would provide a detailed letter either that day or the following day and that he anticipated producing documents in response to the request for production early in the following week. (Decl. Christensen, ¶5, and Exhibit "5.")

On Thursday, November 5, 2015, plaintiff's counsel still had not received defendant's meet and confer response.

By Wednesday, November 11, 2015, Plaintiff's Counsel still had not received any responsive documents or tangible things or Defendant's Meet and Confer response, or any amended or revised discovery responses from the defendant. (Decl. Christensen, ¶5.) By November 16, 2015, no written response had been received so plaintiff's counsel advised defense counsel this Rule 37 Stipulation would be served.  (Decl. Christensen, ¶5, and Exhibit "6".)

Plaintiff's counsel endeavored to gain the cooperation of defense counsel in a meaningful meet and confer. Plaintiff set forth his argument and legal authority for requesting the documents at issue. Defendants failed to cooperate in a meaningful meet and confer.

In addition, on November 2, 2015, defendant Deputy Rivera served his responses to Requests for Admission, Set One. The defendant did not include a verification for his responses. Instead there was a note that said the verification would follow. On November 5, 2015, plaintiff's counsel emailed defense counsel specifically asked for the verification. Plaintiff's counsel requested that electronic version be immediately forwarded to the plaintiff's counsel while awaiting the

1   original verification. There was no response from defense counsel. On November

2   9, 2015, plaintiff's counsel once again asked that a verification be emailed, and

3   again on November 11, 2015. By November 11, 2015, there was still no response

4   or verification received from defendant Rivera or defense counsel. (Decl.

5   Christensen, ¶6 and Exhibit "7.")

6   **B.    Defendant's Statement Meet and Confer**

7   Plaintiff's October 2, 2015 "meet and confer" letter was not initially

8   received and read by Defense counsel until October 6, 2015 because he was out of

9   the office until that date.   From October 6 until October 15, 2015, Defense counsel

10   was engaged in preparations for the Settlement Conference before the Court on

11   October 15th.

12   When the case did not settle, efforts turned toward ensuring that Defendant

13   County had obtained for production all documents responsive to Plaintiff's

14   Request for Production of Documents that had not already been identified and

15   produced in Defendants' Initial Disclosures.

16   On October 22, 2015, Defendant's counsel telephoned Plaintiff's counsel.

17   At the outset of the conversation, Defendant's counsel acknowledged that the

18   Sheriff's Department often takes a long time to collect responsive documents and

19   provide them to outside counsel.  Defendant's counsel then began to address the

20   specific points raised in the October 2, 2015 meet and confer letter, especially

21   those categories of documents where no documents existed.

22   Instead of permitting the conversation to proceed so all of the points raised

23   in the October 2, 2015 letter could be addressed, Plaintiff's counsel cut the

24   conversation short and stated she preferred Defendant's counsel to respond in

25   writing.  Defendant's counsel stated that he would.

26   In this same timeframe, Defendant's counsel and Defendant Deputy Ruben

27   Rivera are responding to Plaintiff's Requests for Admissions which were served

28   upon Plaintiff on November 2, 2015.

1    On November 4, 2015, Defendant's counsel wrote Plaintiff and
2    acknowledged that he was "overdue in providing the detailed response to your
3    meet and confer that we discussed.  However, I am writing to advise that I just
4    learned that the documents response to Plaintiff's document request should be
5    available for production to your office on or before the first part of next week."
6    Counsel responded:  "Thank you!"
7    On November 11, 2015, Defendant's counsel informed Plaintiff that he had
8    received "some of the documents response to Plaintiff's Request for Production"
9    and was still awaiting additional documents.
10    Defendant's counsel continued to receive documents responsive to
11    Plaintiff's Request for Production, including the CD which then had to be
12    duplicated, over the next 5 days.
13    Since Defendant's counsel kept receiving additional documents to be
14    produced to Plaintiff, he held off writing a comprehensive detailed response to
15    Plaintiff's October 2, 2015 meet and confer letter.  Also, concurrently during this
16    time from period of October 15 to November 16, 2015, Defendant's counsel was
17    heavily engaged in final pretrial preparation for the December 15, 2015 trial before
18    the Hon. Otis D. Wright in the matter of *Steven Forster v. County of Los Angeles*,
19    *et. al.* CV14-07231 ODW (JEMx).  A Settlement Conference before the Hon.
20    Magistrate John E. McDermott was held on October 22, 2015.  A Motion for
21    Summary Judgment was heard on November 9, 2015; and Pretrial documents were
22    filed on November 16, 2015.
23    Plaintiff was intent on bringing this Rule 37 Stipulation before the Court
24    even with the knowledge that Defendant County was producing documents.
25    Plaintiff provided Defendant with his portion of the Rule 37 Stipulation on
26    November 17, 2015.
27    When Defendant's counsel returned from Court on late afternoon November
28    16, 2015, he learned that the CD of the audio dispatches had been duplicated, and

9

the documents were ready to be produced to Plaintiff.  On November 18, 2018, the documents were provided to Plaintiff via Federal Express.  Plaintiff acknowledged receipt the following day.

### III.

### DISCOVERY AT ISSUE

A.    **Plaintiff's Opening Statement**

Plaintiff served a request for production on July 28, 2015. The request contained 25 separate requests. Out of those 25 separate requests, defendants have not produced any responsive documents. Defendant raised numerous boilerplate and invalid objections and to some requests stated defendant would produce all non-privileged responsive documents but then did not produce any documents nor provided a time when documents would be produced, nor provided privilege log as to which documents would not be produced. With respect to the invocation of the official information privilege, defendant did not provide a declaration of an official or anyone else to properly preserve the objection. Defendant's objections are not well taken and are not supported by the law.

Plaintiff contends that it is well settled that the "scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad" and [d]iscovery may be obtained as to 'any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.' *Cooley v. City of Vallejo*, 2013 U.S. Dist. LEXIS 155175 *3 (E.D. Cal 2013.)

Plaintiff requests the Court Order the Defendant County of Los Angeles to produce all documents and tangible things which have been requested by the plaintiff in his Demand to Produce, Set One.

/ / /

10

**B.     Defendant's Opening Statement**

At the time Plaintiff presented the Rule 37 Stipulation to Defendant on November 17, 2015, Plaintiff knew that documents responsive to the Request for Production had been provided to counsel and that counsel was expecting additional documents from the County, all of which would be turned over to Plaintiff. Following receipt of the Rule 37 Stipulation, Defendant's counsel sent Plaintiff the documents obtained from Defendant County via Federal Express on November 18 and Plaintiff acknowledged their receipt the following day.

Plaintiff deliberately chose not to revise this Stipulation to inform the Court of Plaintiff's receipt of documents from Defendant County thereby permitting the misimpression to remain that no documents were produced.

As is discussed herein, the admitted broad scope to be given to discovery is neither unfettered nor without common sense.  Defendant County submits that, even in light of the factual allegations set forth in the First Amended Complaint, Plaintiff's continued insistence on requesting documents: (a) where the responsive documents have already been produced, (b) where there are no responsive documents, and/or (c) where the document production would be unduly burdensome and time-consuming and serve no constructive purpose is powerful evidence of an effort on the part of Plaintiff to needlessly increase the cost of litigation.

**C.     Specific Requests In Dispute**

***Request No. 1*:** "Produce any and all arrest reports of similar arrests for Penal Code section 25400(a) (1) for weapons located in a vehicle for five years preceding 9/17/14."

***Defendant's Response*:** "Defendant objects to this Request on the grounds it is overbroad as to time and seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence."

11

**Plaintiff's Argument:**

Plaintiff contends the defendant's objection cannot be sustained. The request only seeks records for a five-year period preceding the plaintiff's arrest. Plaintiff's counsel argued this in the meet and could for communication to defense counsel on October 2, 2015. Plaintiff's counsel also argued and continues to maintain that the sought out information is relevant for purposes of the *Monell* claim. (Decl. Christensen, Exhibit "1", October 2, 2015 Meet and Confer.)

The plaintiff has alleged that the county through its Sheriff's Department has tolerated and even supported the use of illegal searches, seizures and excessive force by deputy sheriffs. Plaintiff has alleged that the county through the Sheriff's Department has had a custom, policy or practice of indifference to and/or promotion of the use of illegal searches, seizures and excessive force against the public. (FAC¶¶ 33, and 41-47.)

As such Request No. 1 is relevant on the *Monell* claim and the court should order the defendants to produce the requested documents. The time span of five years is also reasonable. *Cooley v. City of Vallejo*, 2013 U.S. Dist. LEXIS 155175*11-12 (E.D. Cal 2013.)

**Defendant's Argument:**

Plaintiff's demand that Defendant County produce "any and all arrest reports of similar arrests for Penal Code section 25400(a) (1)" rests upon two false premises:  (1) that the Los Angeles County Sheriff's Department maintains its "arrest reports" according to Penal Code violation, which it manifestly does not; and (2) that the Los Angeles County Sheriff's Department possesses the computer technology to search through its files to retrieve for such information, which it certainly does not.

Thus, any search for "arrest reports of similar arrests for Penal Code section 25400(a) (1)" *for any time period* would, by definition, have to be conducted by hand.  The Sheriff's Department is extremely short-staffed both in the number of

Deputies and support staff.  Since the Sheriff's Department does not segregate "arrest reports" according to Penal Code violation, the number of "arrest reports" for any period of time in question is voluminous.  Any requirement that Sheriff's Department manpower resources be devoted to the task of reviewing by hand "arrest reports of similar arrests for Penal Code section 25400(a) (1)" would be a severe and undue burden on Defendant County and the Los Angeles County Sheriff's Department.

**_Request No. 2_**:  "Produce any and all documents/printouts/screen shots reflecting communications from or to any Mobile Data Terminal or Computer in Deputy Rivera's vehicle regarding or pertaining in any way to Plaintiff's arrest. This includes, but is not limited to emails or text messages from patrol vehicle to patrol vehicle or to Sheriff's Communication's Center (Dispatch) or to Sheriff's jail personnel or to any Sheriff station or to any MTA division."

**_Defendant's Response_**: "Defendant is in the process of determining the extent to which the requested material has been retained. Defendant will produce all non-privileged responsive documents in its possession, custody or control."

**Plaintiff's Argument:**

Defendant has had more than three months to determine the existence of the requested documents. Plaintiff contends that the requested documents are typically computer-generated and take almost no time to locate and retrieve. Defendants have not provided any responsive documents or any reasonable explanation for why the requested documents have not been provided.

**Defendants' Argument:**

Defendant County produced as part of its Initial Disclosures, served on June 18, 2015, Deputy Rivera's "Deputy Daily Worksheet" for "9/17/14" which reflects information from his vehicle on September 17, 2014.

Defendant has no additional documents responsive to Request No. 2.

1   ***Request No. 3***:  "Produce any and all records of any and all phone calls

2   made by or to Deputy Rivera to/from any phone used by him pertaining in any way

3   to Plaintiff's arrest."

4   ***Defendant's Response***: "Defendant objects to this Request on the grounds it

5   is overbroad as to scope and unduly burdensome in that it would require the

6   production of voluminous phone records for the entire Men's Central Jail. The lack

7   of necessity for this Request is borne out of the fact that Deputy Rivera was in a

8   patrol car and communicated by radio dispatch. This Request seeks information

9   neither relevant to the subject matter out of this litigation nor reasonably calculated

10  to the discovery of admissible evidence."

11  **Plaintiff's Argument**:

12      In his Meet and Confer, plaintiff offered to narrow the request to just the

13  three days the plaintiff was in defendant's custody. Defendant made no counter

14  offer, produce no documents provided no response.

15  **Defendant's Argument:**

16      Plaintiff's Request encompasses two separate components:  (a) a request for

17  telephone records made on telephones at the Men's Central Jail; and (b) a request

18  for telephone records made on the personal cell phone of Deputy Ruben Rivera.

19      The request for telephone records at Men's Central Jail is overbroad and

20  unduly burdensome as it would require the production and search of telephone

21  records of the entire Men's Central Jail.  Narrowing the request for a period of

22  several days does nothing to lessen the burden to a reasonable request.  This is

23  especially the case when as indicated in Defendant County's Response to Request

24  No. 3, Deputy Rivera was in his mobile unit at time of the incident and

25  communicated via radio dispatch.  Defendant County has already produced to

26  Plaintiff a CD containing all communications concerning this incident. *See*

27  Defendant's Argument re Response to Request No. 23.  Thus, Plaintiff's request

28  for telephone records at the Men's Central Jail is a senseless request designed

1  solely to require Defendant to spend hours responding to discovery and to increase

2  the costs of litigation.

3      The personal telephone records (cell phone) of Deputy Rivera are not within

4  the possession, custody or control of Defendant County.  Plaintiff must obtain

5  these records from Deputy Rivera through discovery from Deputy Rivera or

6  through subpoena from Deputy Rivera's telephone carrier.

7  ***Request No. 4:*** "Produce any and all records of any phone calls made by or

8  to Sgt. Avila to/from any phone used by him pertaining in any way to Plaintiff's

9  arrest."

10  ***Defendant's Response:*** "Defendant objects to this Request on the grounds

11  it is overbroad as to scope and unduly burdensome in that it would require the

12  production of voluminous phone records for the entire Men's Central Jail. Sgt.

13  Avila's involvement in this incident was signing the Incident Report on September

14  17, 2014 that was prepared relating to the incident involving Plaintiff Mirko

15  Hoffman. This Request seeks information neither relevant to the subject matter of

16  this litigation nor reasonably calculated to the discovery of admissible evidence."

17  **Plaintiff's Argument:**

18      In his Meet and Confer, plaintiff offered to narrow the request to just the

19  three days the plaintiff was in defendant's custody (Decl. Christensen, Exhibit

20  "1"). Defendant made no counter offer, produce no documents provided no

21  response.

22  **Defendant's Argument:**

23      Plaintiff's Request encompasses two separate components:  (a) a request for

24  telephone records made on telephones at the Men's Central Jail; and (b) a request

25  for telephone records made on the personal cell phone of Sergeant Maurizio Avola.

26      Sergeant Avola's involvement in this matter is *approving by signing* the

27  Incident Report relating to the incident with Plaintiff on September 17, 2014.

28

NOTICE OF MOTION – RULE 37 JOINT STIPULATION

1   Sergeant Avola had no involvement with the traffic stop of Plaintiff, his arrest or
2   detention.
3        The request for telephone records at Men's Central Jail is overbroad and
4   unduly burdensome as it would require the production and search of telephone
5   records of the entire Men's Central Jail. Narrowing the request for a period of
6   several days does nothing to lessen the burden to a reasonable request.
7   Furthermore, there is no reason to believe that such a search would locate any
8   telephone calls made by Sergeant Avola.
9        This is especially the case when as indicated in Defendant County's
10  Response to Request No. 3, Deputy Rivera was in his mobile unit at time of the
11  incident and communicated via radio dispatch. Defendant County has already
12  produced to Plaintiff a CD containing all communications concerning this incident.
13  *See* Defendant's Argument re Response to Request No. 23. Thus, Plaintiff's
14  request for telephone records at the Men's Central Jail is a senseless request
15  designed solely to require Defendant to spend hours responding to discovery and to
16  increase the costs of litigation.
17       The personal telephone records (cell phone) of Sergeant Avola are not
18  within the possession, custody or control of Defendant County. Plaintiff must
19  obtain these records from Sergeant Avola through discovery or through subpoena
20  from Sergeant Avola's telephone carrier.
21       At the time of Plaintiff's Request for Production, Sergeant Avola was not yet
22  a named Defendant.
23       ***Request No. 5:*** "Produce any and all records of any phone calls made by or
24  to Sgt. Thomas to/from any phone used by him pertaining in any way to Plaintiff's
25  arrest."
26       ***Defendant's Response***: "Defendant objects to this Request on the grounds
27  it is overbroad as to scope and unduly burdensome in that it would require the
28  production of voluminous phone records for the entire Men's Central Jail. Sgt.

1    Thomas' involvement in this incident was signing the Sheriff's Department
2    Evidence and Property Page that listed the property booked into evidence
3    belonging to Plaintiff Mirko Hoffman on September 17, 2014. This Request seeks
4    information neither relevant to the subject matter of this litigation nor reasonably
5    calculated to the discovery of admissible evidence."

6         **Plaintiff's Argument:**

7         In his Meet and Confer, plaintiff offered to narrow the request to just the
8    three days the plaintiff was in defendant's custody. (Decl. Christensen, Exhibit
9    "1"). Defendant made no counter offer, produce no documents provided no
10   response.

11        **Defendant's Argument:**

12        Plaintiff's Request encompasses two separate components:  (a) a request for
13   telephone records made on telephones at the Men's Central Jail; and (b) a request
14   for telephone records made on the personal cell phone of Sergeant Patricia
15   Thomas.

16        Sergeant Thomas' only involvement in this incident is *signing the Sheriff's*
17   *Department Evidence and Property Page* of the Incident Report that listed the
18   property booked into evidence belonging to Plaintiff Mirko Hoffman on September
19   17, 2014.  Sergeant Thomas had no involvement with the traffic stop of Plaintiff,
20   his arrest or detention.

21        The request for telephone records at Men's Central Jail is overbroad and
22   unduly burdensome as it would require the production and search of telephone
23   records of the entire Men's Central Jail.  Narrowing the request for a period of
24   several days does nothing to lessen the burden to a reasonable request.
25   Furthermore, there is no reason to believe that such a search would locate any
26   telephone calls made by Sergeant Thomas.

27        Defendant County has already produced to Plaintiff a CD containing all
28   communications concerning this incident. *See* Defendant's Argument re Response

1   to Request No. 23.  Thus, Plaintiff's request for telephone records at the Men's

2   Central Jail is a senseless request designed solely to require Defendant to spend

3   hours responding to discovery and to increase the costs of litigation.

4        The personal telephone records (cell phone) of Sergeant Thomas are not

5   within the possession, custody or control of Defendant County.  Plaintiff must

6   obtain these records from Sergeant Thomas through discovery from or through

7   subpoena from Sergeant Thomas' telephone carrier.

8        At the time of Plaintiff's Request for Production, Sergeant Thomas was not

9   yet a named Defendant.

10   ***Request No. 6:***  "Produce any and all dispatch recordings pertaining in any

11   way to Plaintiff's arrest."

12   ***Defendant's Response***: "Defendant will produce all non-privileged

13   responsive documents in its possession, custody or control."

14   **Plaintiff's Argument**:

15        Defendants have failed to provide any responsive documents, and have

16   failed to provide any privilege log to identify any documents which have been

17   withheld due to privilege. Plaintiff further contends that what has been requested is

18   not a privileged document and there are no applicable privileges to dispatch

19   recordings of this nature. As such plaintiff seeks order from the court that

20   defendant produce any and all dispatch recordings pertaining to the plaintiff's

21   arrest as requested.

22   **Defendant's Argument**:

23        Plaintiff mischaracterizes Defendant's response to Request No. 6 in that no

24   objection was ever asserted on the grounds of privilege.  Defendant stated that all

25   non-privileged responsive documents would be produced and they were; and

26   Plaintiff's counsel acknowledged receipt.

27   / / /

28

As referenced in Defendant's Introductory Statement, Defendant produced documents to Plaintiff which Plaintiff fails to acknowledge in this Rule 37 Stipulation.  These documents included documents responsive to Request No. 6.

Specifically, Defendant produced the following:

CD containing:    (1) Transit Service Bureau dispatch on 9/17/2014
                          between 1200 – 1300 hours; and
                      (2) Transit Service Bureau Ltac on 9/17/2014 between
                          1200-1300 hours.

These documents are copies of records as they are maintained by the Los Angeles County Sheriff's Department.

Accordingly, Defendant has produced all documents in its possession, custody or control responsive to Request No. 6.

***Request No. 7:*** "Produce any and all recordings or videos by any Deputy or employee of the Los Angeles County Sheriff's Department regarding the arrest of plaintiff."

***Defendant's Response:*** "Defendant objects to this Request on the grounds that the term "regarding the arrest" is vague and ambiguous and Defendant cannot respond without resort to speculation."

**Plaintiff's Argument:**

Plaintiff contends that the term "regarding the arrest" is neither vague or ambiguous. Plaintiff then attempted to clarify for defendant's benefit in the October 2, 2015, Meet and Confer, as follows, "please provide any and all audio or video recordings that were made by either Deputy Rivera or which otherwise concerns or captures communications to or with or by or concerning the plaintiff from the time of Deputy Rivera's initial contact up to and including the time he was booked at the jail."

1    Plaintiff further clarified some law enforcement officers where recording

2  devices such as belt recorders or digital recorders and some law enforcement

3  agencies have video recording devices affixed to their vehicles or motorcycles

4  which capture events or interactions with subjects or citizens. Plaintiff asked that to

5  the extent any such recording or similar audio or video was made of any

6  interaction between Deputy Rivera and the plaintiff to please provide no later than

7  October 16, 2015. (See Decl. Christensen at ¶2, Exhibit "2.")

8    Defendant has failed to provide anything responsive to this request and has

9  failed to provide any reasonable explanation as to why responsive tangible things

10 have not been produced.

11   **Defendant's Argument:**

12   During the "meet and confer" process, Defendant's counsel informed

13 Plaintiff he was aware of no "body" cameras that were officially used in this

14 incident and believed none were involved.  Defendant's counsel stated that he

15 would confirm this information both with the Los Angeles County Sheriff's

16 Department and Deputy Rivera.   Both the Los Angeles County Sheriff's

17 Department and Deputy Rivera subsequently confirmed that no body camera

18 captured any portion of the incident between Deputy Rivera and Plaintiff.

19   Accordingly, there are no documents responsive to Request No. 7.

20   ***Request for Production No. 8***: "Produce any and all jail videos from the

21 time Deputy Rivera drove into the jail compound and walked plaintiff into the jail

22 facility, and any video depicting plaintiff in any areas of the LA County Jail,

23 including the following locations: booking area, search and uncuff area, clinic,

24 custody line, inmate reception center, men's Central jail cell number 40 and inmate

25 release."

26   ***Defendant's Response***: "Defendant objects to this Request on the grounds it

27 is compound and vague and ambiguous and Defendant cannot respond without

28 resort to speculation. Subject to and without waiving the above-stated objections,

1  Defendant responds as follows: Defendant is in the process of determining whether
2  any video of Plaintiff responsive to Request No. 8 exists. In the event video of
3  Plaintiff is located, Defendant will produce all non-privileged responsive
4  documents in its possession, custody or control."

5  **Plaintiff's Argument:**

6  Similarly, defendant failed to produce any responsive documents or tangible
7  things to this request. Plaintiff argued that there was nothing vague or ambiguous
8  about the request, and that the request was an exceedingly routine one at that.
9  Defendant provided no responsive tangible things and no reasonable explanation as
10  to why defendant failed to provide responsive documents or tangible things.

11  **Defendant's Argument:**

12  During the "meet and confer" process, Defendant's counsel informed
13  Plaintiff that Defendant County was initially unaware of any video depicting
14  Plaintiff at Men's Central Jail.  Following further inquiry with the Los Angeles
15  County Sheriff's Department, Defendant's counsel confirmed that there is no video
16  of Plaintiff during the period of time he was at Men's Central Jail or the Inmate
17  Reception Center ("IRC").

18  Accordingly, there are no documents responsive to Request No. 8.

19  ***Request for Production No. 9:*** "Produce any and all documents referencing
20  or relating to claims or complaints of perjury, allegations of dishonesty,
21  untruthfulness and submissions of false/untruthful reports, unlawful search and
22  seizure of property, false arrest and excessive force by Deputy Rivera for all dates
23  of his employment with THE COUNTY OF LOS ANGELES."

24  ***Defendant's Response:*** "Defendant objects to this Request on the grounds it
25  seeks information protected from disclosure because it seeks proprietary and
26  confidential information as to the security and operation, regulatory and
27  investigative (Internal Affairs) and disciplinary procedures of the Los Angeles
28  County Sheriff's Department and is further protected from disclosure by the self-

21

1  critical analysis privilege, official information privilege, government

2  communication privilege and self-deliberative analysis privilege. Defendant further

3  objects that the Request seeks information neither relevant to the subject matter of

4  this litigation nor reasonably calculated to the discovery of admissible evidence."

5  **Plaintiff's Argument:**

6  Plaintiff, in his October 2, 2015, Meet and Confer communication cited to

7  relevant case law establishing that the objections raised by the defendant were not

8  meritorious. This included authority holding that in federal discovery federal courts

9  do not recognize the "self-critical analysis privilege" or the self "deliberative-

10  process" privilege. *Medina v. County of San Diego,* 2014 U.S. Dist. LEXIS

11  135672,*19 (S. D. Cal 2014). And even if such a privilege did exist it would not be

12  applicable to investigations of civil rights violations by police officers. *Cooley v.*

13  *City of Vallejo,* 2013 U.S. Dist. LEXIS 155175 *23 (E.D. Cal 2013.)

14  Plaintiff contends that in federal court privileges are to be narrowly

15  construed as they impede the full and fair discovery of the truth and as such are not

16  favored in federal court and certainly not federal civil rights cases against officers

17  and public entities. Id. At*12 – 13.

18  Plaintiff further contends there is no recognized applicable federal privilege

19  as to "proprietary and confidential information as to the security and operation,

20  regulatory and investigative (internal affairs) and disciplinary procedures."

21  *Johnson v. Sandy,* 2014 U.S. Dist. LEXIS 129810,*34 – 35 (E. D. Cal 2014). In

22  this case the plaintiffs need for discovery outweighs the defendant's interest.

23  Plaintiff further contends that it is well settled that officers' personnel

24  records are "relevant and discoverable." *Medina v. County of San Diego,* 2014 U.S.

25  Dist. LEXIS 135672,*15 (S. D. Cal 2014); and documents that are part of it

26  officers personnel records in civil rights actions are within the scope of discovery,

27  even if they contain sensitive and confidential information. *Soto v. City of*

28

1 *Concord*, 162 F.R.D. 603, 614 – 15 (in. D. Cal 1995); *Hampton v. City of San*
2 *Diego,* 147 F.R.D. 227, 230 – 31 (S. D. Cal. 1993).

3       Plaintiff also contended and continues to argue that as to complaints or
4 allegations of dishonesty, untruthfulness, false report writing, these are all
5 discoverable. *Medina,* supra at 29–31. And prior complaints against defendants of
6 similar allegations even if they are factually distinguishable, are still discoverable.
7 *Cooley*, supra at 10–12.

8       Moreover internal affairs investigations and the reports are discoverable,
9 even to the extent there is a claim of attorney-client privilege, it does not apply.
10 *Cooley*, supra at 15–16.

11       Defendants also failed to provide any Declaration for the purpose of
12 invoking the "Official Information" privilege. A party wishing to invoke the
13 "Official Information privilege" must meet specific procedural prerequisites
14 including a "formal claim of privilege" lodged by the head of the department has
15 control over the matter after that official himself or herself reviewed the privileged
16 document. Cooley, supra at 17-18.

17       Here, defendant provided no Declaration of anyone and failed to meet the
18 procedural prerequisites to invoke the official information privilege. Plaintiff
19 contends defendants have waived any otherwise applicable in official information
20 privilege. (*Cooley,* at 17-18; and see *Gorham v. Solis*, 2014 U.S. Dist. LEXIS
21 155440*6–8 (N. D. Cal. 2014); *Soto*, supra at 613; and *Johnson V Sandy*, supra at
22 26-29.

23       In sum, plaintiff contends that none of defendant's objections should be
24 sustained, there are no applicable privileges for defendants to hide behind, and all
25 requested documents should be provided. Plaintiff requests the court order the
26 defendant to produce all requested documents and that all requested documents be
27 provided in unredacted form other than redactions to social security numbers.

28

**Defendant's Argument:**

Plaintiff's Request No. 9 seeks all complaints of "perjury, allegations of dishonesty, untruthfulness and submissions of false/untruthful reports, unlawful search and seizure of property, false arrest and excessive force by Deputy Rivera" for his entire time of employment with the Sheriff's Department.  Request Nos. 16 and 17 request identical documents from Sergeant Avola and Sergeant Thomas, respectively.

Similarly, Request Nos. 10, 12 and 13 seek all documents relating to disciplinary warnings or measures for Deputy Rivera, Sergeant Avola and Sergeant Thomas; and Request Nos. 11, 14 and 15 seek all documents relating to any criminal action initiated against Deputy Rivera, Sergeant Avola and Sergeant Thomas.

While Courts have held that it is "appropriate to adopt a balancing test that is moderately pre-weighted in favor of disclosure" with reference to confidential information in the files of law enforcement agencies in civil rights cases, "the pre-weighting in favor of disclosure should not be so substantial that it is virtually impossible for law enforcement to protect any information." *Kelly v. City of San Jose*, 114 F.R.D. 653, 662 (1987).

*Kelly, supra*, cited with approval the list of ten factors to consider in this balancing process from the oft-cited opinion of *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D.Pa. 1973).  The *Kelly* Court stated:

> "Some courts have stated expressly that the tenth factor, 'the importance of the information sought to the plaintiff's case,' is clearly the most important.  This view finds support in the policies that inform civil rights law and in the importance of doing justice in individual cases." (internal citations omitted).

*Kelly v. City of San Jose*, 114 F.R.D. at 663.

24

1        In evaluating this tenth factor – "the importance of the information sought to

2   the plaintiff's case" – Defendant County submits the information Plaintiff purports

3   to seek by way of Requests Nos. 9-17 is not legitimately important to Plaintiff's

4   case.

5        The incident between Plaintiff and Deputy Rivera as set forth in the First

6   Amended Complaint resulted in no physical injury prior to Plaintiff's release from

7   Men's Central Jail and no use of "force" other than Plaintiff's allegation that his

8   arm was "grabbed" and handcuffs were used.  There is no allegation of the

9   preparation of a false report by Deputy Rivera.  The only charging allegation in the

10   First Amendment Complaint as to either Sergeant Avola or Sergeant Thomas is

11   that they "approved" the "illegal arrest."  Complaint, ¶ 24.

12        Accordingly, the various categories of documents sought by these Requests

13   would shed no light on the pertinent issues in this case.  The Requests merely

14   invade the privacy of the respective individual Defendants and the resulting

15   production of any responsive documents would serve no legitimate purpose.

16        In addition, as a threshold matter, each of the Requests Nos. 9-17 are

17   overbroad in seeking, for example, all complaints, all disciplinary warnings and

18   measures, and the like.  Furthermore, each of the Requests is not limited as to time.

19        Plaintiff also simply presumes the existence of documents responsive to

20   each of the specific Requests when no such documents may exist.

21        For these reasons, Defendant County should not be required to produce the

22   documents requested in Response to Request Nos. 9-17.

23        ***Request for Production No. 10:*** "Produce any and all documents

24   referencing or relating to disciplinary warnings or other disciplinary measures

25   administered to Deputy Rivera for the past 10 years of his employment with THE

26   COUNTY OF LOS ANGELES."

27        ***Defendant's Response:*** "Defendant objects to this Request on the grounds it

28   seeks information protected from disclosure because it seeks proprietary and

1  confidential information as to the security and operation, regulatory and

2  investigative (Internal Affairs) and disciplinary procedures of the Los Angeles

3  County Sheriff's Department and is further protected from disclosure by the self-

4  critical analysis privilege, official information privilege, government

5  communication privilege and self-deliberative analysis privilege. Defendant further

6  objects that the Request seeks information neither relevant to the subject matter of

7  this litigation nor reasonably calculated to be discovery of admissible evidence."

8  **Plaintiff's Argument:**

9  As shown in Plaintiff's Exhibit "1" (decl. Christensen) Plaintiff argued the

10  same legal authority and arguments to Meet in Confer on Request No.10 as those

11  described above in Request No. 9, and in order to keep this stipulation from

12  becoming overly voluminous plaintiff incorporates those arguments and legal

13  authority herein.

14  Defendant provided no counter legal authority or argument. Plaintiff

15  requests the Court Order defendant to produce all responsive documents, and to

16  make a ruling that the defendant has waived any claim of privilege and that all

17  requested documents be provided in unredacted form other than redactions to

18  social security numbers.

19  **Defendant's Argument:**

20  *See* Defendant's Argument to Request No. 9, *supra*.

21  ***Request For Production No. 11:*** "Produce any and all documents

22  referencing or relating to any criminal action initiated against Deputy Rivera for all

23  dates of his employment with the COUNTY OF LOS ANGELES, whether or not

24  such action resulted in a conviction."

25  ***Defendant's Response:*** "Defendant objects to this Request on the grounds it

26  seeks information protected from disclosure because it seeks proprietary and

27  confidential information as to the security and operation, regulatory and

28  investigative (Internal Affairs) and disciplinary procedures of the Los Angeles

1 County Sheriff's Department and is further protected from disclosure by the self-

2 critical analysis privilege, official information privilege, government

3 communication privilege and self-deliberative analysis privilege. Defendant further

4 objects that the Request seeks information neither relevant to the subject matter of

5 this litigation nor reasonably calculated to the discovery of admissible evidence."

6 **Plaintiff's Argument:**

7 As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the

8 same legal authority and arguments to Meet in Confer on Request No.11 as those

9 described above in Request No. 9, and in order to keep this stipulation from

10 becoming overly voluminous plaintiff incorporates those arguments and legal

11 authority herein.

12 Defendant provided no counter legal authority or argument.

13 Plaintiff requests the Court Order defendant to produce all responsive documents,

14 and to make a ruling that the defendant has waived any claim of privilege and that

15 all requested documents be provided in unredacted form other than redactions to

16 social security numbers.

17 **Defendant's Argument:**

18 *See* Defendant's Argument to Request No. 9, *supra.*

19 ***Request For Production No. 12:*** "Produce any and all documents

20 referencing or relating to disciplinary warnings or other disciplinary measures

21 administered to Sergeant Avila for all dates of his employment with THE

22 COUNTY OF LOS ANGELES."

23 ***Defendant's Response:*** "Defendant objects to this Request on the grounds

24 and seeks information protected from disclosure because it seeks proprietary and

25 confidential information as to the security and operation, regulatory and

26 investigative (Internal Affairs) and disciplinary procedures of the Los Angeles

27 County Sheriff's Department and is further protected from disclosure by the self-

28 critical analysis privilege, official information privilege, government

communication privilege and self-deliberative analysis privilege. Defendant further objects that the Request seeks information neither relevant to the subject matter of this litigation or reasonably calculated to the discovery of admissible evidence."

**Plaintiff's Argument:**

As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the same legal authority and arguments to Meet in Confer on Request No.12 as those described above in Request No. 9, and in order to keep this stipulation from becoming overly voluminous plaintiff incorporates those arguments and legal authority herein.

Defendant provided no counter legal authority or argument. Plaintiff requests the Court Order defendant to produce all responsive documents, and to make a ruling that the defendant has waived any claim of privilege and that all requested documents be provided in unredacted form other than redactions to social security numbers.

**Defendant's Argument:**

*See* Defendant's Argument to Request No. 9, *supra*.

***Request for Production No. 13:*** "Produce any and all documents referencing or relating to disciplinary warnings or other disciplinary measures administered to Sergeant Thomas for all dates of his employment with THE COUNTY OF LOS ANGELES."

***Defendant's Response:*** "Defendant objects to this Request on the grounds and seeks information protected from disclosure because it seeks proprietary and confidential information as to the security and operation, regulatory and investigative (Internal Affairs) and disciplinary procedures of the Los Angeles County Sheriff's Department and is further protected from disclosure by the self-critical analysis privilege, official information privilege, government communication privilege and self-deliberative analysis privilege. Defendant further objects that the Request seeks information neither relevant to the subject matter of

28

1  this litigation or reasonably calculated to the discovery of admissible evidence."

2  **Plaintiff's Argument:**

3  As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the

4  same legal authority and arguments to Meet in Confer on Request No.13 as those

5  described above in Request No. 9, and in order to keep this stipulation from

6  becoming overly voluminous plaintiff incorporates those arguments and legal

7  authority herein.

8  Defendant provided no counter legal authority or argument.

9  Plaintiff requests the Court Order defendant to produce all responsive documents,

10  and to make a ruling that the defendant has waived any claim of privilege and that

11  all requested documents be provided in unredacted form other than redactions to

12  social security numbers.

13  **Defendant's Argument:**

14  *See* Defendant's Argument to Request No. 9, *supra.*

15  ***Request for Production No. 14:*** Produce any and all documents referencing

16  or relating to any criminal action initiated against Sergeant Avila for all dates of

17  his employment with the COUNTY OF LOS ANGELES, whether or not such

18  action resulted in a conviction.

19  ***Defendant's Response:*** "Defendant objects to this Request on the grounds

20  and seeks information protected from disclosure because it seeks proprietary and

21  confidential information as to the security and operation, regulatory and

22  investigative (Internal Affairs) and disciplinary procedures of the Los Angeles

23  County Sheriff's Department and is further protected from disclosure by the self-

24  critical analysis privilege, official information privilege, government

25  communication privilege and self-deliberative analysis privilege. Defendant further

26  objects that the Request seeks information neither relevant to the subject matter of

27  this litigation or reasonably calculated to the discovery of admissible evidence."

28

**Plaintiff's Argument:**

As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the same legal authority and arguments to Meet in Confer on Request No.14 as those described above in Request No. 9, and in order to keep this stipulation from becoming overly voluminous plaintiff incorporates those arguments and legal authority herein.

Defendant provided no counter legal authority or argument.

Plaintiff requests the Court Order defendant to produce all responsive documents, and to make a ruling that the defendant has waived any claim of privilege and that all requested documents be provided in unredacted form other than redactions to social security numbers.

**Defendant's Argument:**

*See* Defendant's Argument to Request No. 9, *supra*.

***Request for Production No. 15:*** Produce any and all documents referencing or relating to any criminal action initiated against Sergeant Thomas for all dates of his employment with the COUNTY OF LOS ANGELES, whether or not such action resulted in a conviction.

***Defendant's Response:*** "Defendant objects to this Request on the grounds and seeks information protected from disclosure because it seeks proprietary and confidential information as to the security and operation, regulatory and investigative (Internal Affairs) and disciplinary procedures of the Los Angeles County Sheriff's Department and is further protected from disclosure by the self-critical analysis privilege, official information privilege, government communication privilege and self-deliberative analysis privilege. Defendant further objects that the Request seeks information neither relevant to the subject matter of this litigation or reasonably calculated to the discovery of admissible evidence."

/ / /

NOTICE OF MOTION – RULE 37 JOINT STIPULATION

**Plaintiff's Argument:**

As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the same legal authority and arguments to Meet in Confer on Request No.15 as those described above in Request No. 9, and in order to keep this stipulation from becoming overly voluminous plaintiff incorporates those arguments and legal authority herein.

Defendant provided no counter legal authority or argument. Plaintiff requests the Court Order defendant to produce all responsive documents, and to make a ruling that the defendant has waived any claim of privilege and that all requested documents be provided in unredacted form other than redactions to social security numbers.

**Defendant's Argument:**

*See* Defendant's Argument to Request No. 9, *supra*.

***Request for Production No. 16:*** "Produce any and all documents referencing or relating to allegations of dishonesty, untruthfulness and submissions of false/untruthful reports by Sergeant Avila for all dates of his employment with the COUNTY OF LOS ANGELES."

***Defendant's Response:*** "Defendant objects to this Request on the grounds and seeks information protected from disclosure because it seeks proprietary and confidential information as to the security and operation, regulatory and investigative (Internal Affairs) and disciplinary procedures of the Los Angeles County Sheriff's Department and is further protected from disclosure by the self-critical analysis privilege, official information privilege, government communication privilege and self-deliberative analysis privilege. Defendant further objects that the Request seeks information neither relevant to the subject matter of this litigation or reasonably calculated to the discovery of admissible evidence."

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiff's Argument:**

As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the same legal authority and arguments to Meet in Confer on Request No.16 as those described above in Request No. 9, and in order to keep this stipulation from becoming overly voluminous plaintiff incorporates those arguments and legal authority herein.

Defendant provided no counter legal authority or argument. Plaintiff requests the Court Order defendant to produce all responsive documents, and to make a ruling that the defendant has waived any claim of privilege and that all requested documents be provided in unredacted form other than redactions to social security numbers.

**Defendant's Argument:**

*See* Defendant's Argument to Request No. 9, *supra*.

***Request for Production No. 17:*** "Produce any and all documents referencing or relating to allegations of dishonesty, untruthfulness and submissions of false/untruthful reports by Sergeant Thomas for all dates of his employment with the COUNTY OF LOS ANGELES."

***Defendant's Response***: "Defendant objects to this Request on the grounds and seeks information protected from disclosure because it seeks proprietary and confidential information as to the security and operation, regulatory and investigative (Internal Affairs) and disciplinary procedures of the Los Angeles County Sheriff's Department and is further protected from disclosure by the self-critical analysis privilege, official information privilege, government communication privilege and self-deliberative analysis privilege. Defendant further objects that the Request seeks information neither relevant to the subject matter of this litigation or reasonably calculated to the discovery of admissible evidence."

/ / /

**Plaintiff's Argument:**

As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the same legal authority and arguments to Meet in Confer on Request No.17 as those described above in Request No. 9, and in order to keep this stipulation from becoming overly voluminous plaintiff incorporates those arguments and legal authority herein.

Defendant provided no counter legal authority or argument. Plaintiff requests the Court Order defendant to produce all responsive documents, and to make a ruling that the defendant has waived any claim of privilege and that all requested documents be provided in unredacted form other than redactions to social security numbers.

**Defendant's Argument:**

*See* Defendant's Argument to Request No. 9, *supra.*

**Request for Production No. 18:** "Produce any and all documents referencing or relating to any and all policies, procedures and training in effect at the time of the incident related to confiscation of weapons and the arrest of persons for carrying concealed weapons in their vehicles."

**Defendant's Response:** "Defendant objects to this Request on the grounds it is overbroad and seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Subject to and without waiving the above-stated objections, Defendant responds as follows: Defendant will produce all non-privileged responsive documents in its possession, custody or control relating to policies and procedures in effort at the time of the incident."

**Plaintiff's Argument:**

Defendant's objection should not be sustained. The request was narrow and specific in seeking documents relating to the defendant's policies, procedures and training related to the compensation of weapons and the arrest of persons for

1   carrying concealed weapons in their vehicles. This is narrowly construed to be

2   relevant to the specific arrest of the plaintiff and the charges for which the plaintiff

3   was arrested, and his narrow to those documents which were in effect at the time of

4   the incident. As such defendant's objection should not be well taken.

5       Moreover, defendant then said it would produce all non-privileged

6   responsive documents and then failed to do so; and failed to identify any applicable

7   privileges which would prevent disclosure. In other words, defendant has been

8   completely uncooperative and recalcitrant in the discovery process.

9       Plaintiff requests the Court Order defendant to produce all responsive

10   documents, and to make a ruling that the defendant has waived any claim of

11   privilege.

12   **Defendant's Argument:**

13       Plaintiff mischaracterizes Defendant's response to Request No. 18 in that no

14   objection was ever asserted on the grounds of privilege.  Defendant stated that all

15   non-privileged responsive documents would be produced and they were; and

16   Plaintiff's counsel acknowledged receipt.

17       As referenced in Defendant's Introductory Statement, Defendant produced

18   documents to Plaintiff which Plaintiff fails to acknowledge in this Rule 37

19   Stipulation.  These documents included documents responsive to Request No. 18.

20       Specifically, Defendant produced the following:

21       • Los Angeles County Sheriff's Department Policy re Issuance of

22         Licenses for Concealed Weapon, 5-09/380.00;

23       • Los Angeles County Sheriff's Department Policy re Possession,

24         Confiscation and Release of Firearms – Mentally Ill Persons, 5-

25         09/180.05;

26       • Los Angeles County Sheriff's Department Policy re Search of

27         Suspects During Station Booking Procedure, 5-03/030.05.

28

1     Accordingly, Defendant has produced all documents in its possession,

2 custody or control responsive to Request No. 18.

3     **_Request for Production No. 20:_** "Produce any and all jail video which

4 captured the image of the plaintiff at any time from the date of his arrest and

5 incarceration up to and including the date of his release."

6     **_Defendant's Response:_** "Defendant is in the process of determining whether

7 any video of Plaintiff responsive to Request No. 20 exists. In the event video of

8 Plaintiff is located, Defendant will produce all non-privileged responsive

9 documents in its possession, custody or control."

10     **Plaintiff's Argument:**

11     The defendant has not produced any responsive documents or tangible

12 things. The request was served over three months ago there has been no update and

13 nothing produced in response to this request. Plaintiff seeks an Order from the

14 Court compelling the defendant to produce all of the requested jail videos within

15 five days of the date of the Order; the defendant has had more than three months to

16 locate this video and produce it, there is no reason why the defendant should be

17 provided any additional time.

18     **Defendant's Argument:**

19     Request No. 20 is completely duplicative of Request No. 8.

20     As stated in connection with Request No. 8, during the "meet and confer"

21 process, Defendant's counsel informed Plaintiff that Defendant County was

22 initially unaware of any video depicting Plaintiff at Men's Central Jail.   Following

23 further inquiry with the Los Angeles County Sheriff's Department, Defendant's

24 counsel confirmed that there is no video of Plaintiff during the period of time he

25 was at Men's Central Jail or the Inmate Reception Center ("IRC").

26     Accordingly, there are no documents responsive to Request No. 20.

27     **_Request For Production No. 21:_** "Produce any and all documents or

28 writings which relate to any medical screening or medical clearance concerning the

35

1   plaintiff which was conducted by, or at the request of any employee of the

2   Defendant or its sheriff's department."

3      ***Defendant's Response:*** "Defendant will produce all non-privileged

4   responsive documents in its possession, custody or control."

5      **Plaintiff's Argument:**

6      Defendant failed to produce any responsive documents, failed to state when

7   documents would be served if ever, failed to give any update to plaintiff on this

8   request.

9      Plaintiff requests this Court Order defendant to produce the requested

10   documents within five days of the Court's Order.

11      **Defendant's Argument:**

12      The documents in the possession Los Angeles County Sheriff's Department

13   did not contain any medical records of any nature pertaining to Plaintiff.   Nor is

14   there any indication that during the brief time that Plaintiff was in custody Plaintiff

15   sought out or received any medical treatment.   Due to HIPPA requirements and

16   privacy considerations of inmates, medical records are maintained separately from

17   other records pertaining to inmates.

18      Accordingly, there are no documents responsive to Request No. 21.

19      Defendant notes that the burden of obtaining any medical records, to the

20   extent such records even exist, substantially outweighs any possible relevance.

21   Accepting the allegations of the Complaint as true, which Defendant County

22   certainly does not, the only allegations of "excessive force" are Plaintiff's being

23   "grabbed by the arm" (Complaint, ¶ 16) and being "handcuffed for approximately

24   one hour" (Complaint, ¶ 21).  The only injuries alleged by Plaintiff resulted from

25   his "9-mile walk to his residence" which "caused excruciating pain" and "the

26   exacerbation of injuries" to his leg. (Complaint, ¶ 28.)  Yet, these injuries

27   admittedly occurred following his release from jail. *See* Complaint, ¶ 27.

28

1  ***Request for Production No. 22:*** "Produce any and all documents, computer

2  print outs, or other computer generated reports or data created by mobile data

3  software, or similar, which links the officers on the road to the dispatch centers

4  and/or the sheriff's department, including any similar CAD reports, or computer

5  generated detailed history reports, or similar computer generated reports which

6  capture the radio traffic communications between deputies and dispatch and/or

7  deputies and other deputies."

8  ***Defendant's Response:*** "Defendant objects to this Request on the grounds it

9  is overbroad as to time and seeks information neither relevant to the subject matter

10  of this litigation nor reasonably calculated to the discovery of admissible evidence.

11  Subject to and without waiving the above-stated objections, Defendant responds as

12  follows: See Response To Request For Production No. 2, supra."

13  **Plaintiff's Argument:**

14  Plaintiff is agreeable to narrow the request to only those responsive

15  documents pertaining to the plaintiff and his arrest. This is what plaintiff intended

16  to ask for and though not specifically stated should have been interpreted by the

17  defendant to be the case. Defendant made no representation that it would provide

18  the requested documents with respect to the plaintiff and/or his arrest which would

19  have been a reasonable compromise. The defendant failed to meaningfully engage

20  in the Meet and Confer process entirely.

21  Plaintiff requests this Court Order defendant to produce the requested

22  documents within five days of the Court's Order.

23  **Defendant's Argument:**

24  As referenced in Defendant's Introductory Statement, Defendant produced

25  documents to Plaintiff which Plaintiff fails to acknowledge in this Rule 37

26  Stipulation.  These documents included documents responsive to Request No. 22.

27  / / /

28

NOTICE OF MOTION – RULE 37 JOINT STIPULATION

Specifically, Defendant produced the following:

CD containing:   (1) Transit Service Bureau dispatch on 9/17/2014
between 1200 – 1300 hours; and

(2) Transit Service Bureau Ltac on 9/17/2014 between
1200-1300 hours.

These documents are copies of records as they are maintained by the Los Angeles County Sheriff's Department.

Accordingly, Defendant has produced all documents in its possession, custody or control responsive to Request No. 22.

***Request for Production No. 23:*** "Produce any and all training records for all of the defendants concerning training on the charge of PC 25400 (a)(1)."

***Defendant's Response:*** "Defendant objects to this Request on the grounds it seeks information protected from disclosure because it seeks proprietary and confidential information as to the security and operation, regulatory and investigative (Internal Affairs) and disciplinary procedures of the Los Angeles County Sheriff's Department and is further protected from disclosure by the self-critical analysis privilege, official information privilege, government communication privilege and self-deliberative analysis privilege. Defendant further objects that the Request seeks information neither relevant to the subject matter of this litigation or reasonably calculated to the discovery of admissible evidence."

**Plaintiff's Argument:**

As shown in Plaintiff's Exhibit "1" (Decl. Christensen) Plaintiff argued the same legal authority and arguments to Meet in Confer on Request No.23 as those described above in Request No. 9, and in order to keep this stipulation from becoming overly voluminous plaintiff incorporates those arguments and legal authority herein.

1   Defendant provided no counter legal authority or argument. Plaintiff

2   requests this Court Order defendant to produce the requested documents within

3   five days of the Court's Order.

4   **Defendant's Argument:**

5   Defendant County initially objected to Request No. 23 in its Responses.

6   However, Defendant produced documents responsive to this Request which

7   Plaintiff fails to acknowledge in this Rule 37 Stipulation.

8   At the time of Plaintiff's Request No. 23, the only individual Defendant was

9   Deputy Ruben Rivera.

10   Specifically, Defendant produced the following:

11   All Training Records for Defendant Deputy Rivera.

12   Accordingly, Defendant has produced all documents in its possession,

13   custody or control responsive to Request No. 23.

14   ***Request for Production No. 24:*** "Produce a true and correct copy of the

15   LASD policy regarding deputies carrying belt recorders, or digital recorders, tape

16   recorders, or similar."

17   ***Defendant's Response:*** "Defendant objects to this Request on the grounds

18   that the term "belt recorders" is not defined and Defendant cannot respond without

19   resort to speculation. Subject to and without waiving the above-stated objections,

20   Defendant responds as follows: Defendant will produce all non-privileged

21   responsive documents in its possession, custody or control."

22   **Plaintiff's Argument:**

23   Defendant's objection that it doesn't know what the term "belt recorder" is

24   cannot be believed, however, plaintiff did clarify this request in the October 2,

25   2015, Meet and Confer letter, and asked that the defendant provide the "Sheriff's

26   Department's policies, if any, which in any way address the use of audio recording

27   devices by deputies on duty." Defendant has failed to provide anything or produce

28

1  any policy on any issue. Plaintiff requests this Court Order defendant to produce

2  the requested documents within five days of the Court's Order.

3        **Defendant's Argument:**

4        During the "meet and confer" process, Defendant's counsel informed

5  Plaintiff he was aware of no "body" cameras that were officially used in this

6  incident and believed none were involved.  Defendant's counsel stated that he

7  would confirm this information both with the Los Angeles County Sheriff's

8  Department and Deputy Rivera.   Both the Los Angeles County Sheriff's

9  Department and Deputy Rivera subsequently confirmed that no body camera or

10 audio device that captured any portion of the incident between Deputy Rivera and

11 Plaintiff.

12       Accordingly, there are no documents responsive to Request No. 24.

13       ***Request For Production No. 25:***"Produce any and all policies and training

14 materials used by the LAPD related to LASD's procedures for deputies to receive

15 booking approval prior to the booking of a prisoner into jail."

16       ***Defendant's Response:*** "Defendant objects to this Request on the grounds it

17 requests materials "used by the LAPD" which renders the Request vague and

18 ambiguous and Defendant cannot respond without resort to speculation."

19       **Plaintiff's Argument:**

20       Defendant's objection that the request was vague and ambiguous because it

21 asked for training materials used by LAPD instead of the sheriff's department is

22 not to be believed. Is self evident under the circumstances of this case the plaintiff

23 intended to ask for the training materials used by the LAPD. The plaintiff then

24 clarified this in the October 2, 2015 Meet and Confer letter. The defendant still has

25 not responded.

26       Plaintiff requests this Court Order defendant to produce the requested

27 documents within five days of the Court's Order.

28

NOTICE OF MOTION – RULE 37 JOINT STIPULATION

**Defendant's Argument:**

As referenced in Defendant's Introductory Statement, Defendant produced documents to Plaintiff which Plaintiff fails to acknowledge in this Rule 37 Stipulation.  These documents included specific policies responsive to Plaintiff's various Requests.

After a diligent search and thorough inquiry, Defendant County did not locate a specific policy responsive to Request No. 25.

Accordingly, there are no documents responsive to Request No. 25.


Dated: November 25, 2015                  WAGNER & PELAYES, LLP



                                          /s/ Tristan G. Pelayes
                                          Tristan G. Pelayes, Esq.
                                          Risa S. Christensen, Esq.
                                          Amanda J. Parker, Esq.
                                          WAGNER & PELAYES, LLP
                                          Attorneys for Mirko Hoffman



Dated:  November 25, 2015                 HAROLD G BECKS & ASSOCIATES


                                          /s/ Harold G. Becks
                                          Harold G. Becks, Esq.
                                          Douglas L. Day, Esq.
                                          Attorneys for Defendants,
                                          COUNTY OF LOS ANGELES; and
                                          DEPUTY RUBEN RIVERA

NOTICE OF MOTION – RULE 37 JOINT STIPULATION